UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD GOLDEN and BEAK & BUMPER, LLC,

    Plaintiffs/Petitioners,

v.

JANG H. LIM d/b/a DENTAL USA, INC.,

    Defendant/Respondent.

Case No. 15-cv-10795

Honorable Patrick J. Duggan

### ORDER EXTENDING TEMPORARY RESTRAINING ORDER

This civil action initially came before this Court on Plaintiffs Richard Golden and Beak & Bumper, LLC's Petitioner to Confirm Partial Final Arbitration Award. (ECF No. 1.[1]) Plaintiffs filed a demand for arbitration with the American Arbitration Association against Defendant Jang H. Lim for breach of a 2009 settlement agreement, which the parties entered after Plaintiffs filed a patent infringement lawsuit against Defendant, as well as for willful patent infringement. On February 26, 2015, the arbitrator issued a partial final award finding that Defendant had breached several provisions of the 2009 settlement agreement, and that Defendant willfully infringed Plaintiffs' patent. As a result of these findings,

---

[1] This action, filed on March 4, 2015, was initially assigned to United States District Court Judge Judith E. Levy, but was reassigned to the undersigned as a companion case in an order dated March 10, 2015. (ECF No. 2.)

the arbitrator, among other things, permanently enjoined Defendant from selling its infringing product.

Despite agreeing to binding arbitration in the 2009 settlement agreement, Defendant initially refused to comply with the permanent injunction, selling the infringing product at dental trade shows. Although Defendant has now stopped selling the infringing product, this is not the result of voluntary compliance, but rather the result of a temporary restraining order ("TRO") issued by United States District Judge Laurie J. Michelson on March 23, 2015. (ECF No. 10.)

The Court held a hearing on April 20, 2015, during which the parties addressed Plaintiffs' request for a preliminary injunction. By the time of this hearing, Defendant had filed an answer to Plaintiffs' petition to confirm as well as a motion to vacate the arbitration award. (ECF Nos. 17, 19.) Further, as of April 16, 2015, Plaintiffs' emergency motion for TRO and preliminary injunction had been fully briefed. At the conclusion of the April 20, 2015 hearing, the parties agreed to extend the TRO by sixty (60) days and Plaintiff deposited an additional $10,000 to cover the increased the security.[2] (ECF No. 21.) Without further action of the Court, the TRO will dissolve on Friday, June 19, 2015.

Since the April 20, 2015 hearing, the parties have completed the briefing of the petition to confirm as well as the motion to vacate the arbitration award. In

---

[2] The total amount that has been posted as bond to date is $30,000.

addition to these briefs, several additional motions have been submitted by the parties: (1) Defendant's motion for leave to file a supplemental brief in support of his motion to vacate the arbitration award (ECF No. 23); (2) Plaintiffs' supplemental petition to confirm final arbitration award (ECF No. 27); and (3) Defendant's motion to dissolve the TRO and to stay the proceedings pending the United States Patent and Trademark Office's ("USPTO") *ex parte* reexamination proceeding (ECF No. 30). As of Wednesday, June 17, 2015, each of these motions was fully briefed. Perhaps unsurprisingly given the litigious nature of these proceedings to date, in responding to Plaintiffs' supplemental petition to confirm final arbitration award Defendant expressed an intention to file a motion to vacate the May 8, 2015 arbitration award by August 8, 2015, which differs from the partial final award issued in February 2015 to the extent it resolved the attorney's fees issue. (ECF No. 31, Pg ID 2663.) As with the other motions, the Court presumes that this forthcoming motion will be fully briefed.

    As the recitation of the procedural history of this lawsuit may suggest, two realities make any action other than extending the current TRO improbable: the sheer volume of motions filed (the last of which was fully briefed on June 17, 2015) and the fact that the Court cannot possibly rule on a motion that has not yet been filed (i.e., Defendant's forthcoming motion to vacate the May 8, 2015 arbitration award). For these reasons, the Court concludes that good cause exists to

extend the TRO until the Court is able to resolve all of the pending motions in this action.

    **IT IS SO ORDERED**.

Dated: June 17, 2015

                                    s/PATRICK J. DUGGAN
                                    UNITED STATES DISTRICT JUDGE

Copies to:

**Bridget M. Hathaway, Esq.
Peter W. Gowdey, Esq.
Dennis J. Levasseur, Esq.
Edward L. Bishop, Esq.
Nicholas S. Lee, Esq.**